UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**MICHAEL LEWIS BROWNING, JR.,**

 Plaintiff,

v.                  **CASE NO. 8:08-CV-1502-T-17EAJ**


**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

 Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's objection to United States Magistrate Judge's Report and Recommendation (Doc. 14), filed by Michael Browning ("Plaintiff") on November 17, 2008. In his objections, Plaintiff petitions this Court to reject the Report and Recommendation ("R&R") of the United States Magistrate Judge Elizabeth Jenkins

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida, parties have ten days after service of the R&R to file written objections to the proposed findings and recommendations. Plaintiff's written objections were filed on November 17, 2008. The Defendant filed a response (Doc. 17) to which the Plaintiff replied (Doc. 19).

**I. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), when a party timely files written objections to a dispositive R&R, the district court judge shall conduct a *de novo* review. 28 U.S.C. § 636(b)(1) (cited by *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980)). After such review, the judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id*. Additionally, the judge may receive further evidence or recommit the matter to the magistrate with instructions. *Id*.

## II.     ANALYSIS

The Plaintiff's filings and subsequent written objections can be consolidated into two requests of this Court: **(A)** this Court should deny the defendant's motion to dismiss and find that the Plaintiff's complaint was timely filed or that equitable tolling should apply, and **(B)** this Court should grant Plaintiff's motion for default judgment. For the following reasons, this Court **DENIES** Plaintiff's requests.

### A. Defendant's Motion to Dismiss (Doc. 7)

Defendant argues that Plaintiff is foreclosed from bringing this action and that his complaint should be dismissed because it was untimely filed. On May 8, 2008, the Appeals Council mailed notice of its action on Plaintiff's request for review and informed him of his right to commence a civil action within sixty days from the date of receipt of notice (Doc. 1 Ex. A). Plaintiff filed a complaint on August 5, 2008 (Doc. 1). Defendant asserts that the complaint should have been filed on or before July 14, 2008 (Doc. 7 at 2). Plaintiff does not dispute that the Appeals Council sent the notice on May 8, 2008, nor does he argue that it was untimely received, yet he contends that the filing deadline was August 9, 2008 (Doc. 8 at 3).

1. Legal Framework

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint filed *pro se* is to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erikson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Willaism*, 490 U.S. 319, 326 (1989).

2. Application

Defendant argues that Plaintiff failed to initiate this action within the time period allowed under the Social Security Act. A lawsuit challenging the denial of benefits must be filed within sixty days after mailing to the claimant notification of the decision. 42 U.S.C. § 405(g). Under the Social Security Regulations, a plaintiff has sixty days from receipt of the notice to file his complaint, and receipt is presumed to be "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 422.210(c). Plaintiff has made no showing that he did not receive the notice within five days of its date.

Plaintiff first argues that the complaint was timely filed because the sixty-five day period should not include weekends and holidays (Doc. 8 at 2). Rule 6(a) of the Federal Rules of Civil Procedure provides that only if the period to file is less than 11 days, then weekends and holidays are excluded. Rule 6(a) Fed. R. Civ. P. The Eleventh Circuit infers legislative intent to apply Rule 6(a) to federal statutes enacted or amended after the adoption of Rule 6(a), unless the statute in question suggests a contrary intent. *Am. Canoe Ass'n v. Attalla*, 363 F.3d 1085, 1086 (2004). The statutory section at issue does not contain language from which one could

infer a contrary intent. 42 U.S.C. § 405(g) (2006). Consequently, weekends and holidays are included in the sixty-five day period.

Plaintiff further argues that Defendant has misread the text of 42 U.S.C. § 405(h). This subsection states, in part, "no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h) (2006). Plaintiff contends that the word "no" in the context of the statute is shorthand, with the letter "n" abbreviating the word "in", and the letter "o" abbreviating the word "on" (Doc. 8 at 2). Plaintiff concludes that the statute should be read as "in findings of fact" or "on findings of fact" (*Id.*). It is a principle of statutory interpretation that words maintain their plain and ordinary meaning and Plaintiff offers no support against the plain and ordinary meaning. The argument is frivolous.

In the R&R, the Magistrate Judge Elizabeth Jenkins raised an argument of equitable tolling on behalf of the Plaintiff. (R&R at 5). Equitable tolling of the filing period may be proper in "extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). To apply equitable tolling, extraordinary circumstances such as fraud, misinformation, or deliberate concealment by the Defendant prevented timely filing. *Id.* at 1355. The Plaintiff, in objections to the R&R appears to argue that medical issues delayed the filing (Doc. 14 at 4 and Ex. 1). A Social Security regulation provides that good cause to justify missing a deadline to file for a review may exist when the claimant is seriously ill and prevented from filing. 20 C.F.R. 416.1411(b)(1). The attachment submitted by Plaintiff entitled "Doctor Office Excuses" (Doc. 14 Ex. 1) does not merit equitable tolling because mere presence in a doctor's office, six months after the end of the statute of limitations, does not live up to the standards required by the law.

Consequently, this Court finds that the deadline for the Plaintiff to file his complaint was July 14, 2008. This Court has no authority to extend the time period beyond the requirements of the statute. Section 405(g) is the only method available to challenge an adverse decision of the Commissioner of Social Security denying a claim for disability benefits under the Act. The Commissioner has not waived the limitations defense and Plaintiff has asserted no reasonable grounds to justify estoppel or equitable tolling of the deadline to file the complaint.

### B. Plaintiff's Motion for Default Judgment (Doc. 6)

Plaintiff argues that he is entitled to a default judgment against Defendant because Defendant allegedly failed to respond to Plaintiff's e-mails (Doc. 6 at 1-3). Plaintiff filed his complaint on August 5, 2008 (Doc. 1). In September 2008, Plaintiff sent several e-mails to the U.S. Attorney's Office asking to confer regarding his case, however, exhibits attached to Plaintiff's complaint indicate that he received a response informing him there was no need to meet and discuss the case (Doc. 6 Ex. 3, Doc. 6 Ex. 4). Defendant moved to dismiss on September 30, 2008 (Doc. 7), which is within sixty days of Plaintiff filing his complaint.

A default judgment may be entered against a party that fails to plead or otherwise defend a claim for affirmative relief within the prescribed time period following service of the summons and complaint. Rule 55, Fed. R. Civ. P. The United States and its officers sued in an official capacity must serve an answer to a complaint within sixty days after service on the United States Attorney. Rule 12(a)(2), Fed. R. Civ. P.

Plaintiff provided no authority for the proposition that a defendant failing to respond to e-mails would constitute a failure to plead or otherwise defend. Plaintiff's complaint was filed with the Court on August, 5 2008 (Doc. 1) and Defendant moved to dismiss on September 30,

2008 (Doc. 7). Because Defendant moved within sixty days following the filing of Plaintiff's complaint, Plaintiff's Motion for Default Judgment is without merit.

The Magistrate Judge further pointed out in the R&R that to enter a default claim against the United States or one of its agencies, the Plaintiff must establish "a claim or right to relief by evidence that satisfies the court." The Plaintiff's complaint would be ineligible for a default judgment even if the U.S. government was found in default because the complaint was untimely filed.

Plaintiff makes numerous objections to the R&R in his Motion for Reconsideration (Doc. 14 at 2-3). The first objection is best construed as stating that failure to defend can be shown by unanswered e-mails (Doc. 14 at 2). The Plaintiff provides no support for the concept that a defendant can be found in default while filing a response in the appropriate time period because they would not discuss the case with the plaintiff. The argument is without merit.

The second objection is two distinct statements concerning the R&R: 1) that Rule 55 does not mention the prescribed period of time to answer after service of summons, and 2) that the magistrate judge's paraphrase of Rule 12 is inaccurate. The magistrate judge's restatement of the meaning of both sections is accurate.

The third objection declares that the conclusion of the magistrate judge in the R&R is "clearly erroneous" (Doc. 14 at 3). Plaintiff then further argues that there is evidence that has satisfied the court and proceeds to define evidence as a sign or proof. The Plaintiff's contentions are conclusory and do not amount to a sensible argument, the objection is without merit.

### III.   CONCLUSION

This Court has thoroughly reviewed the Report and Recommendation of United States Magistrate Judge Elizabeth Jenkins and made an independent review of the record.  Upon due consideration, this Court concurs with the Report and Recommendation. Accordingly, it is:

**ORDERED** that the Report and Recommendation (Doc. 14) is adopted and incorporated by reference herein; the Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**; Plaintiff's Motion for Judgment by Default (Doc. 6) is **DENIED**; and the Clerk of Court is directed to enter judgment for the Defendant and close the case and terminate any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of March, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.